(SUPREME COURT.)

James Jackson, *ex dem.* the new loan officers of *Rensselaer* county, and John Crabb, *against* Isaac Bull.

THIS case was stated thus : *John Crabb*, one of the lessors, purchased of the new loan officers, at public auction, on the 3d *Tuesday* in *September*, 1795, one hundred and sixty acres of land. On the 31st *October*, and 4th *November*, following, he sold, by deed of bargain and sale, one hundred and forty acres, parcel, &c. to *Abraham Francisco*, under whom the defendant claims ; and on the 5th *January*, 1796, he obtained his deed from the loan officers, in pursuance of his former sale, and now brings his ejectment on the latter deed, to recover the whole one hundred and sixty acres.

Question. Is he entitled to recover ?

*Per Curiam*, delivered by KENT, J. I incline to the opinion that no legal estate, except a mere tenancy at will, vested in *Crabb*, until the loan officers had executed the deed. The statute of frauds prevents any greater estate from vesting without writing, and it is, besides, a general rule of law, that a corporation cannot sell land without deed ; and the loan officers, in the present instance, are ordered by the act,\* to convey the land they sell at auction, by deed, under the loan office seal.

But I adopt, as a just rule of construction, and applicable to the present case, the principle laid down by this court, in the case of *Raymond* v. *Jackson, ex dem. June*,\* " that whenever it is intended to be shown, that nothing passed by a grant, by reason that at the

*Marginal notes:*

A sale by loan officers, at auction, is within the statute of frauds. If a bargain for the purchase of land be concluded, and at the expiration of some time, the conveyances duly executed, the subsequent deeds will so far have relation to the day of concluding the bargain, that an intermediate sale by the vendee will be good against him and his privies, and the possession of the original vendor, at the time of such second sale, cannot be urged as a possession adverse to the vendee, and that, therefore, nothing passed by his deed.

\* 14th *March*, 1792.

\* *Jan. Term*, 1798.

ALBANY.
Jackson
v.
Bull.

time, there was a possession in another, adverse to the grantor, then the time to which the grant is to relate, is the time when the bargain for the sale was finally concluded between the parties; and that, consequently, any intermediate adverse possession, before the execution of the conveyance (which is the only technical consummation or evidence of the grant) can never affect it." In the present case, therefore, the deed to *Crabb*, of the 5th *January*, 1796, shall have relation back to the third *Tuesday* of *September*, 1795, being the time of the final conclusion of the bargain, by the sale and purchase, at public vendue, so as to render valid any intermediate sale or disposition of the land, by *Crabb*. Even supposing the deed of the 5th *January*, 1796, could not have this retrospective force by relation to the time of the conclusion of the sale and purchase at the vendue, still *Crabb* can never be permitted to claim in opposition to his deeds of the 31st *October*, and 4th

*Cro. c.* 110. *Co.*
*Litt.* 45 *a.* 47
*b.* 352 *a. b.* 4.
*Co.* 53 *a.* 2 *Mod.*
115. 6 *Mod.*258.
1 *Salk.* 276. 2
*Ld. Raymond,*
1551.
3 *P. W.* 373.

*November*, 1795, by alleging, that he had no estate in the premises. For if a man make a lease by indenture of land which is not his, or levy a fine of an estate not vested, and he afterwards purchases the land, he shall, notwithstanding, be bound by his deed, and not be permitted to aver he had nothing. Whether a person can, in such case, be said technically to be estopped, because it is of the nature of an estoppel, to bind privies as well as parties; and

*Co. Litt.* 247
*b.* 265 *b.* 339 *a.*
*Litt. sec.* 637.

*Coke* gives an instance, wherein an act of this kind, without warranty, will bind the grantor and not his heir; and whether a deed can operate at all by way

*Co. Litt.* 45 *a.*
47 *b.* 8 *Co.* 53
*b.* 3 *P. W.* 373.

of estoppel, if any interest passes by it, are points on which I forbear to give an opinion, because they are

not only something difficult, but not necessary to be discussed.

In the present case, there can be no doubt, but that *Crabb* himself, shall never claim against his own deed.

I am of opinion, therefore, that judgment be rendered for the plaintiff, for the twenty acres only.

Judgment for the plaintiff.